IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-908-REB-KLM

MICHAEL RAYKIN and MELANIE RAYKIN, individually and on behalf of
JOSHUA RAYKIN,

    Plaintiffs,

v.

THE ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES,
JOSIE BERRY,
JULIE JARVIS,
ROSHIDA LEWIS-JOHNSON,
ALEX REGAN, and
CHERYL TERNES,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This matter is before the Court upon the parties' Stipulated Motion for Protective Order (Doc. #__15__) designed and intended to preserve the confidentiality and privacy of documents and other information to be exchanged between them pursuant to their respective disclosure obligations and discovery efforts in the above-captioned action, and the Court being fully advised in the premises and for good cause appearing, the parties' Stipulated Motion for Protective Order is **GRANTED** and **IT IS ORDERED** as follows:

    1.    It is contemplated that both the plaintiffs and defendants will seek and exchange Confidential Information (as defined below in Paragraph 2) from and between each other in this action as part of their respective disclosure and discovery efforts. The

disclosure of such Confidential Information outside the scope of this litigation and/or to unauthorized third persons would or could result in significant injury to the plaintiffs' and/or the defendants' personal privacy or business interests, or to the interests of third parties whose personal privacy or business interests would be revealed or impaired in the event of an unauthorized disclosure of such Confidential Information.

2. "Confidential Information" means any document, file, record, oral testimony, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that contains information that is confidential and implicates common law and/or statutory or constitutional privilege or privacy interests, and has been designated by one of the parties in this action in the manner provided in Paragraph 3 below as containing Confidential Information, including, but not limited to, the following:

   a)  One or more of the parties' or their representative's employment personnel file, including disciplinary records.

   b)  Case files, reports, notes, and other documents and records pertaining to confidential child protection matters, and particularly such files and reports maintained by the Arapahoe County Department of Human Services.

   c)  Law enforcement investigation files and records, including internal affairs files, and particularly such files and records maintained by the Arapahoe County Sheriff's Office.

d) One or more of the parties' medical records, including psychological counseling and mental health records.

e) The parties' tax or personal financial records.

f) Those portions of transcribed deposition or other witness testimony disclosing Confidential Information.

3. Where Confidential Information is produced, exchanged, provided or otherwise disclosed by one party to the other party in response to any disclosure or discovery request, or pursuant to any disclosure obligation, it shall be designated as Confidential Information in the following manner:

a) By imprinting or stamping the word "Confidential" on the first page or cover of any document, record or thing produced;

b) By imprinting or stamping the word "Confidential" next to or above any response to a discovery request; and

c) With respect to any transcribed testimony, by giving written notice to opposing counsel designating such testimony, or portions thereof, as "Confidential" no later than twenty-one (21) calendar days after receipt of the transcribed testimony. (Prior to the expiration of the 21 day period, the parties will treat transcribed testimony as Confidential Information, unless the parties agree otherwise.) Any oral deposition testimony may be designated as Confidential Information prior to the receipt of transcribed testimony, but must be later

designated as Confidential Information pursuant to this paragraph 3(c) to be treated as Confidential Information.

4. All Confidential Information provided by any of the parties in response to a disclosure or discovery request, or pursuant to a disclosure obligation, or in oral or transcribed testimony, or by any third party pursuant to a subpoena duces tecum or in oral or transcribed testimony, shall be subject to the following restrictions:

a) It shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever; personal, business or otherwise.

b) It shall not be communicated, transmitted or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone except individuals authorized to access or review Confidential Information, for the purpose of litigating this case.

5. Individuals authorized to access or review Confidential Information pursuant to this Stipulated Protective Order are the above-captioned parties, their undersigned counsel and respective law firms, support staff utilized by counsel, expert consultants and expert witnesses, the Court and Court staff and any other persons (or class of persons) the parties may jointly designate. Such individuals shall hold all Confidential Information in confidence and shall not disclose Confidential Information either verbally, in writing, electronically, or otherwise, to any person, entity or agency not authorized to have access to the same, except as provided in this Order or as otherwise authorized by the Court. Third parties engaged by counsel or the parties are individuals authorized to

4

access or review Confidential Information. Such third parties, expert consultants and expert witnesses must review and sign a copy of the Confidentiality Acknowledgment specified in Paragraph 6 below prior to reviewing material subject to this Stipulated Protective Order.

6. Legal counsel for the parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Stipulated Protective Order and ensure that persons to whom they provide Confidential Information are fully informed in writing regarding the contents and limitations set forth in this order, and shall maintain a list or other written record of all persons to whom they have provided Confidential Information. Counsel shall utilize the written form of the Confidentiality Acknowledgment appended hereto as Attachment A in implementing the provisions of this Paragraph 6. Notwithstanding the foregoing and their obligations to maintain the confidentiality of all Confidential Information identified under the terms of this order, the parties, their legal counsel and support staff, and stenographic reporters, need not execute a Written Acknowledgment as provided for herein. Legal counsel for one party who disclose Confidential Information to legal counsel for the other party are not responsible for ensuring compliance with this order by that other legal counsel.

7. During the pendency of this action, legal counsel for one party may upon agreement inspect the list or other record maintained by other counsel as required in Paragraph 6 upon a showing of substantial need, such as to establish the source of an unauthorized disclosure of Confidential Information. In the event counsel are unable to agree upon the disclosure of the list or record, then the party seeking access to the list

or record may apply to the Court for an appropriate order.

8.  No copies of Confidential Information shall be made except by or on behalf of legal counsel for attorney work product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.LCivR 7.2. Copies shall only be made and used for purposes of this litigation and no other.

9.  Counsel for each party shall retain custody of Confidential Information and all copies thereof as allowed in Paragraph 8 during the course of the litigation.

10. Any party may object to the designation by the other of a document, record, file or other information as Confidential Information by providing written notice to the party making such designation. The written notice shall specifically identify the document or other information to which objection is made. Written objections shall be made not less than thirty (30) days before the dispositive motions deadline established in the action under the Scheduling Order, or within twenty (20) days after the disclosure (with designation) is made, whichever is later. If the parties are unable to resolve the objection, it shall be the burden of the designating party to apply by appropriate motion to the Court for a determination on whether the information should be designated as Confidential Information and subject to the terms of this order. Such application must be made within fourteen (14) days after notice of the objection. If application by motion is made to the Court, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the party designating contested Confidential Information fails to timely file a motion as provided for herein, then the

disputed information shall not be deemed Confidential Information and shall not be subject to the confidentiality requirements contained in the order. In any proceeding challenging the designation of a document or other information as confidential, the party seeking such designation shall have the burden of establishing the confidential nature of the same.

11. D.C.COLO.LCivR 7.2 and 7.3 shall govern the submission of any Confidential Information, or contested Confidential Information, to the Court for any purpose.

12. The parties agree that the terms and conditions of this Stipulated Protective Order shall survive the termination of this action and that they, their counsel, and other persons provided Confidential Information shall not be relieved of the confidentiality obligations imposed by this order, and that the Court may maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof. Upon conclusion of the litigation, including the time necessary to take and/or exhaust any appeals, any person in possession of Confidential Information under the terms of this order shall timely return the information to the party or other source from which it was obtained, or, upon consent of the party or source from which the Confidential Information was obtained, certify by affidavit or other mutually acceptable writing to the information's complete destruction by shredding or other mutually acceptable method of permanent destruction. Notwithstanding the foregoing, legal counsel may retain a single set of all Confidential Information for a period not longer than three (3) years from the final conclusion of the litigation, after which all retained Confidential Information shall

be timely returned or destroyed as provided for in this paragraph.

13. The parties' stipulation to the entry of this order is not intended and shall not be construed as a waiver or adoption of any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under the terms of this Stipulated Protective Order, nor shall it be construed as or used to assert a waiver by any party that a particular document, record or other piece of information is properly discoverable.

14. Nothing in this order shall relieve any party or legal counsel from their obligations under FED.R.CIV.P. 26 (b) (5), or from filing a motion as it may deem appropriate or necessary from time to time seeking additional or different protection from the Court under FED.R.CIV.P. 26 (c) with regard to confidential or other information.

15. Nothing in this order shall preclude Plaintiffs from disclosing any Confidential Information as to themselves, so long as such disclosure does not reveal Confidential Information regarding any person, party, or entity other than Plaintiffs.

16. Where persons or entities not a party to this litigation disclose documents or information otherwise protected from disclosure by law, rule, regulation or privilege, or under the terms of this order, the parties will treat such materials or information as Confidential Information.

Entered on this __2nd__ day of __August__ 2010.

BY THE COURT

_____
United States Magistrate Judge

**STIPULATED AND AGREED TO** (next page):

| *Counsel for Plaintiffs* | *Counsel for Defendants* |
|---|---|
| _s/ Samuel M. Ventola_<br>Samuel M. Ventola<br>Ventola & Staggs, P.C.<br>2435 S. Monroe Street<br>Denver, CO 80210<br>Tele: 303-864-9797<br>Fax: 303-496-6161<br>E-mail: sventola@gmail.com | _s/ Edward M. Caswall_<br>Edward M. Caswall<br>Assistant County Attorney<br>Robin E. Cochran<br>Deputy County Attorney<br>5334 S. Prince Street<br>Littleton, CO 80166<br>Tele: 303-795-4639<br>Fax: 303-738-7836<br>E-mail: jcaswall@co.arapahoe.co.us<br>       rcochran@co.arapahoe.co.us |
| _s/ Bilal Sayyed_<br>Bilal Sayyed<br>O'Melveny & Meyers, LLP<br>1625 Eye Street N.W.<br>Washington, D. C. 20006<br>Tele: 202-383-5300<br>Fax: 202-383-5154<br>E-mail: bsayyed@omm.com | |
| _s/ Danielle Oakley_<br>Danielle Oakley<br>O'Melveny & Meyers, LLP<br>610 Newport Center Drive<br>Newport Beach, CA 92660<br>Tele: 949-760-9600<br>Fax: 949-823-6994<br>E-mail: doakley@omm.com | |
| _s/ Michelle Scott_<br>Michelle Scott<br>Center for Individual Rights<br>1233 20th Street, N.W., Suite 300<br>Washington, D. C. 20036<br>Tele: 202-833-8400<br>Fax: 202-833-8410<br>E-mail: scott@cir-usa.org | |

# CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, acknowledge and state as follows:

1. I have read the Stipulated Protective Order entered in that litigation known as ***Michael Raykin, et al., v. The Arapahoe County Dept. of Human Services, et al., Civil No. 10-CV-908-REB-KLM, United States District Court for the District of Colorado***, a copy of which is attached to this acknowledgment.

2. I have been informed by_____, Esq., counsel for_____, that some or all of the materials provided to me contain or constitute **CONFIDENTIAL INFORMATION** and may not be disclosed or used except as permitted in the Stipulated Protective Order, inclusive of copies.

3. I promise that I have not and will not divulge to any person or recording device, or make copies of, any **CONFIDENTIAL INFORMATION** shown, told, or provided to me except as authorized in the Stipulated Protective Order. I also will not use the **CONFIDENTIAL INFORMATION** for any purpose other than the litigation identified above, and shall promptly return the same, or completely and permanently destroy it, when directed to do so by the court or by counsel noted above.

4. For the purpose of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Stipulated Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____
_____

Telephone No.: (____) _____

Date:_____

**ATTACHMENT A**